IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION



JIMMY LAWSON,
    Plaintiff,

v.

CAESARS ENTERTAINMENT, INC.,
OFFICER J.T. LAND, individually,
CITY OF DANVILLE, VIRGINIA,
DANVILLE POLICE DEPARTMENT,
COMMONWEALTH'S ATTORNEY FOR THE
CITY OF DANVILLE,
JOHN DOE 1-3, employees or agents of
Caesars Entertainment, Inc., whose true
names are unknown to Plaintiff at this time,
    Defendants.

Case No. 3:25CV00435
Judge Novak

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
July 24, 2025
LAURA A. AUSTIN, CLERK
BY:
    s/B. McAbee
    DEPUTY CLERK

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Jimmy Lawson, by counsel, and for his First Amended Complaint against Defendants states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Jimmy Lawson is a resident of Jackson, Mississippi.

2. Defendant Caesars Entertainment, Inc. is a Nevada corporation doing business in Virginia.

3. Defendant Officer J.T. Land is a law enforcement officer employed by Danville Police Department.

4. Defendant City of Danville, Virginia is a municipal corporation organized under the laws of Virginia.

5. Defendant Danville Police Department is a law enforcement agency of the City of Danville, Virginia.

6. Defendant Commonwealth's Attorney for the City of Danville is the prosecuting attorney for the City of Danville, Virginia, sued in his official capacity.

7. Defendants John Doe 1-3 are employees or agents of Caesars Entertainment, Inc., whose true names are unknown to Plaintiff at this time but who made false statements to law enforcement regarding Plaintiff on April 12, 2024. Plaintiff will seek leave to amend this Complaint to substitute the true names of these defendants when their identities are discovered through the litigation process.

8. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9. Venue is proper under 28 U.S.C. § 1391 as events occurred in this district.

**FACTUAL ALLEGATIONS**

10. On April 12, 2024, Plaintiff was present at Caesars Casino playing games.

11. Caesars employees, including John Does 1-5, falsely informed law enforcement that Plaintiff made threats.

12. Defendant Caesars Entertainment is vicariously liable for its employee statements made within employment scope.

13. No audio evidence exists of alleged threat, and surveillance footage fails to corroborate the alleged threatening statements.

14. Body-worn camera footage shows Plaintiff to be displeased but non-threatening during encounter.

15. Plaintiff was lawfully present on a public sidewalk adjacent to the casino when Defendant Officer J.T. Land initiated contact and detained him.

16. Officer Land detained Plaintiff on public property without conducting any preliminary investigation into the veracity of the allegations.

17. At the time of detention on the public sidewalk, Officer Land had not reviewed any surveillance footage, interviewed witnesses, or gathered corroborating evidence.

18. Officer Land coerced Caesars employees into repeating and affirming incriminating narrative against Plaintiff after the detention had already occurred.

19. Officer Land did not write contemporaneous description of the alleged incident but instead persuaded casino employees to provide statements supporting the arrest.

20. The detention on public property occurred without reasonable suspicion or probable cause, as Officer Land failed to conduct basic investigative procedures before restricting Plaintiff's freedom of movement.

21. Plaintiff was arrested based on false narrative and charged with felony bomb threat.

22. Plaintiff's arrest occurred April 12, 2024, initially docketed as Case No. GC24002620-00 in district court, but was subsequently transferred to circuit court under docket numbers CR24000949-00, CR24000949-01, CR24000950, CR24000951, and CR24000952, with Kenneth Kuper serving as prosecutor.

23. Officer Land's decision to detain Plaintiff on a public sidewalk, without first investigating the credibility of the allegations or the circumstances of the alleged incident, violated clearly established Fourth Amendment protections.

24. Following his arrest, Plaintiff was imprisoned for approximately four months based on the false charges initiated by Defendants' conduct.

25. The Commonwealth's Attorney for the City of Danville filed and maintained criminal charges against Plaintiff despite the lack of credible evidence, including the absence of any audio or video evidence supporting the alleged threats. Kenneth Kuper served as the prosecutor in the circuit court proceedings.

26. The Commonwealth's Attorney continued to prosecute Plaintiff and oppose his release despite knowledge that no corroborating evidence existed to support the charges.

27. The circuit court was aware of Plaintiff's indigent financial status, as he had signed a waiver for free attorney representation, yet the court denied Plaintiff's requests for new counsel four times.

28. The court manipulated the proceedings when Plaintiff decided to proceed pro se, demonstrating bias against Plaintiff's constitutional right to self-representation.

29. A failure to appear for attorney review led to the issuance of a bench warrant, further compounding Plaintiff's legal difficulties despite his good faith efforts to comply with court proceedings and his status as an indigent defendant not evading the law.

30. The City of Danville and Danville Police Department, through their policies, customs, and practices, including inadequate training and supervision of police officers, caused and contributed to the constitutional violations described herein.

31. The detention, arrest, and prolonged imprisonment caused Plaintiff substantial damages including but not limited to emotional distress, reputational harm, legal expenses, loss of liberty, and loss of income.

32. Officer Land's conduct was objectively unreasonable and violated clearly established constitutional rights that any reasonable officer would have known.

33. The false arrest and malicious prosecution were the direct and proximate cause of Plaintiff's injuries and damages.

## COUNT I: DEFAMATION
## AGAINST CAESARS ENTERTAINMENT, INC. AND JOHN DOE 1-3

34. Plaintiff incorporates by reference all preceding allegations.

35. Defendants Caesars Entertainment, Inc. and John Doe 1-3, through employees acting within the scope of their employment, made false statements of fact to law enforcement regarding Plaintiff.

36. Caesars employees, including John Doe 1-3, falsely stated that Plaintiff made threatening statements, including but not limited to alleged bomb threats.

37. These statements were false, as evidenced by the complete absence of audio recording capturing any such alleged threats.

38. Surveillance footage from the casino fails to corroborate the alleged threatening statements, further demonstrating the falsity of Caesars' accusations.

39. No audio evidence exists of any alleged threat made by Plaintiff, despite the casino's sophisticated surveillance and recording capabilities.

40. Caesars employees, including John Doe 1-3, knew or should have known that their statements were false, as they had access to the same surveillance footage and audio recordings or lack thereof that failed to support their claims.

41. Caesars made these false statements to a third party, law enforcement, with the intent that they be believed and acted upon.

42. The false statements were published to law enforcement officers and subsequently became part of official police reports and court records.

43. The false statements concerned Plaintiff's alleged criminal conduct, specifically bomb threats, which are matters that tend to injure Plaintiff's reputation and expose him to public hatred, contempt, and ridicule.

44. Accusations of making bomb threats are defamatory per se as they impute criminal conduct and tend to injure Plaintiff in his trade, business, or profession.

45. As a direct and proximate result of Caesars' and John Doe 1-3's false statements, Plaintiff suffered damages including but not limited to:
    a. Arrest and criminal charges;
    b. Four months of imprisonment;
    c. Damage to reputation and standing in the community;
    d. Emotional distress and mental anguish;
    e. Legal expenses and costs;
    f. Loss of income and employment opportunities;
    g. Loss of enjoyment of life; and
    h. Other damages to be proven at trial.

Case 4:25-cv-00035-TTC-CKM    Document 15    Filed 07/24/25    Page 4 of 7
                                    Pageid#: 9

46. The absence of any audio evidence supporting Caesars' claims, despite their surveillance capabilities, demonstrates the reckless disregard for truth or actual malice in making these false statements.

47. Caesars' and John Doe 1-3's conduct was willful, wanton, and malicious, entitling Plaintiff to punitive damages.

## COUNT II: 42 U.S.C. § 1983 – FALSE ARREST/UNLAWFUL DETENTION AGAINST OFFICER J.T. LAND

48. Plaintiff incorporates by reference all preceding allegations.

49. Defendant Land unlawfully seized and detained Plaintiff while he was lawfully present on a public sidewalk without reasonable suspicion or probable cause, in violation of the Fourth Amendment.

50. The detention occurred on public property before any reasonable investigation was conducted, demonstrating a clear violation of established constitutional protections.

51. The right to be free from arrest and detention without reasonable suspicion based on specific and articulable facts has been clearly established since *Terry v. Ohio*, 392 U.S. 1, 1968.

52. Under *Terry v. Ohio* and its progeny, officers must have "reasonable suspicion" based on "specific and articulable facts" before detaining someone, and cannot detain based solely on uncorroborated accusations without independent investigation.

53. The Supreme Court in *United States v. Mendenhall*, 446 U.S. 544, 1980, clearly established that a person is "seized" when a reasonable person wouldn't feel free to leave, and that detention on public property by a uniformed officer constitutes a seizure requiring reasonable suspicion.

54. In *Brown v. Texas*, 443 U.S. 47, 1979, the Supreme Court clearly established that officers cannot detain someone without reasonable suspicion merely because they are present near where a crime was reported, and that specific facts connecting the person to criminal activity are required.

55. The Supreme Court in *Florida v. Royer*, 460 U.S. 491, 1983, clearly established that detention must be brief and limited in scope, that officers must have reasonable suspicion before restricting movement, and that officers cannot use detention as a fishing expedition to develop probable cause.

56. The Fourth Circuit has clearly established in *United States v. Lender*, 985 F.2d 151, 4th Cir. 1993, that officers cannot rely solely on third-party accusations without corroboration and must conduct minimal investigation before detention becomes unreasonable.

57. The Fourth Circuit further established in *United States v. Massenburg*, 654 F.3d 480, 4th Cir. 2011, that detention on public property requires higher justification and that an officer's failure to investigate readily available evidence undermines the reasonableness of the detention.

58. Officer Land violated these clearly established constitutional principles by: failing to articulate specific facts justifying detention beyond bare accusations; conducting no investigation before detaining Plaintiff; seizing Plaintiff on public property where he had a right to be; and using the detention as a fishing expedition to gather evidence rather than acting on existing evidence.

59. Any reasonable officer in 2024 would know that *Terry v. Ohio* and its progeny, established over 56 years ago and taught in basic police academy training, require reasonable suspicion based on articulable facts before detaining a person.

60. No reasonable officer would believe such detention and arrest lawful based solely on uncorroborated statements from a private party without conducting any preliminary investigation, as this violates fundamental Fourth Amendment principles that have been clearly established for decades.

61. Officer Land's conduct was objectively unreasonable under the circumstances and violated Plaintiff's clearly established constitutional rights, defeating any claim to qualified immunity.

### COUNT III: 42 U.S.C. § 1983 – MONELL LIABILITY
### AGAINST CITY OF DANVILLE, VIRGINIA AND DANVILLE POLICE DEPARTMENT

63. The City of Danville and Danville Police Department, through their customs, policies, and practices, caused the constitutional violations alleged herein.

64. The City of Danville and Danville Police Department failed to adequately train their officers regarding Fourth Amendment requirements for detention and arrest.

65. The City of Danville and Danville Police Department had policies or customs that encouraged or permitted officers to make arrests based solely on uncorroborated third-party accusations without conducting reasonable investigation.

66. The City of Danville and Danville Police Department were deliberately indifferent to the need for proper training regarding constitutional requirements for arrests and detentions.

67. The inadequate training and supervision by the City of Danville and Danville Police Department was the moving force behind Officer Land's constitutional violations.

68. As a direct and proximate result of the City of Danville and Danville Police Department's policies, customs, and practices, Plaintiff suffered the damages described herein.

### COUNT IV: 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
### AGAINST COMMONWEALTH'S ATTORNEY FOR THE CITY OF DANVILLE

69. Plaintiff incorporates by reference all preceding allegations.

70. The Commonwealth's Attorney initiated and maintained criminal proceedings against Plaintiff without probable cause.

71. The Commonwealth's Attorney knew or should have known that no credible evidence existed to support the bomb threat charges, including the complete absence of audio or video evidence.

72. Despite the lack of evidence, the Commonwealth's Attorney continued to prosecute Plaintiff and opposed his release, causing him to remain imprisoned for approximately four months.

73. The Commonwealth's Attorney acted with malice in prosecuting Plaintiff, as evidenced by the continuation of prosecution despite the obvious lack of supporting evidence.

74. The criminal proceedings were ultimately resolved in Plaintiff's favor.

75. As a direct and proximate result of the Commonwealth's Attorney's malicious prosecution, Plaintiff suffered damages including but not limited to four months of imprisonment, emotional distress, reputational harm, legal expenses, and loss of income.

### COUNT V: 42 U.S.C. § 1983 – CONSPIRACY TO VIOLATE CIVIL RIGHTS
### AGAINST CAESARS ENTERTAINMENT, INC., JOHN DOE 1-3, AND OFFICER J.T. LAND

76. Plaintiff incorporates by reference all preceding allegations.

77. Defendants acted in concert to deprive Plaintiff of his constitutional rights under color of law.

78. Caesars Entertainment and John Doe 1-3 provided false information to law enforcement with the intent to cause Plaintiff's arrest.

79. Officer Land collaborated with Caesars employees to fabricate evidence supporting the arrest

after the unlawful detention had already occurred.

80. The conspiracy between these defendants resulted in Plaintiff's unlawful detention, arrest, and prolonged imprisonment.

## DAMAGES

Plaintiff seeks the following relief from this Honorable Court for the violations described herein:

1. Compensatory damages in the amount of $1,500,000 for injuries sustained, including four months of imprisonment, emotional distress, reputational harm, legal expenses, loss of income, and violation of constitutional rights;

2. Punitive damages in the amount of $1,000,000 for the willful and wanton conduct of Defendants;

3. Attorney's fees under 42 U.S.C. § 1988 for civil rights violations;

4. Costs of litigation and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable under law.


Respectfully submitted,

_____

Jimmy Lawson, Pro Se
5721 Beechcrest Ct
Jackson, MS 39211
Email: jmmlwsn@gmail.com
Phone: 769 444-5960

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2025, I served a true and correct copy of the foregoing First Amended Complaint for Damages upon all parties by the methods indicated below:

**Caesars Entertainment, Inc.**
☒ U.S. Mail, postage prepaid
☐ Hand delivery
☐ Electronic filing/service
☐ Other: _____

**Officer J.T. Land**
☒ U.S. Mail, postage prepaid
☐ Hand delivery
☐ Electronic filing/service
☐ Other: _____

**City of Danville, Virginia**
☒ U.S. Mail, postage prepaid
☐ Hand delivery
☐ Electronic filing/service
☐ Other: _____

**Danville Police Department**
☒ U.S. Mail, postage prepaid
☐ Hand delivery
☐ Electronic filing/service
☐ Other: _____

**Commonwealth's Attorney for the City of Danville**
☒ U.S. Mail, postage prepaid
☐ Hand delivery
☐ Electronic filing/service
☐ Other: _____

_/s/ Jimmy Lawson_
Jimmy Lawson, Pro Se